ELIZA A. BRIDGE *vs.* JOHN L. BATCHELDER.

One who, as part payment for goods sold, has received promissory notes of a third person, upon false and fraudulent representations by the purchaser that the notes were given for value, and were good, may maintain an action against such purchaser to recover so much of the price of the goods as the notes were intended to pay, without first offering to return the notes. It is sufficient if they are filed in court at any time before final judgment in the action.

CONTRACT brought by the administratrix of Theodore A. Bridge, to recover the balance due upon the sale of a schooner by said Theodore to the defendant.

At the trial in the superior court, before *Morton*, J., the plaintiff offered to prove the following facts : The plaintiff's intestate sold to the defendant, on the 9th of April 1861, one eighth part of a schooner for $792.00, all but $300.00 of which was paid in

money and accounts. For the balance the defendant gave to Bridge three notes, each dated April 1, 1861, and for $100.00, signed by James M. Cook, payable to his order in one year from date, and by him indorsed. At the time of the purchase of the schooner, the defendant represented that the notes were good and given for full value, that Cook was perfectly responsible, and that they would be paid at maturity. The notes were given without consideration, Cook was insolvent at the time, and has been worthless and unable to pay the notes or any part of them to the present time, which the defendant well knew. The notes were written by the defendant, with dates, amounts and times unknown to Cook, who at the time he signed them did not intend to pay them, but signed them upon the representations of the defendant that he would keep them until maturity, and that Cook should never hear from them again.

Upon this offer the judge ruled as matter of law that the plaintiff could not maintain his action, and a *pro forma* verdict was returned for the defendant, and the plaintiff alleged exceptions.

*J. Nickerson*, for the plaintiff.

*W. C. Williamson*, for the defendant.

BIGELOW, C. J. We are unable to see any insuperable legal obstacle in the way of the plaintiff's recovery in this action. The evidence as stated in the exceptions was amply sufficient to warrant a jury in finding that the plaintiff's intestate was induced to take the notes of Cook in payment for a portion of the purchase money of his share of the schooner by the false representations of the defendant, made fraudulently with an intent to deceive, the defendant well knowing the representations to be false. If so, then it is clear that the purchase money has not been paid in full, and the plaintiff can well maintain an action of assumpsit to recover so much of the agreed price as the notes of Cook were intended to pay. The case stands as if the defendant had given counterfeit bank notes in payment, knowing them to be false and representing them to be genuine.

It is no answer to this claim to say that the whole contract for the sale and purchase of one eighth of the schooner is not

rescinded, and that the plaintiff still retains a portion of the consideration which was paid therefor. This ground of defence might have been available in an action brought to recover back the thing sold. But this action does not proceed at all on the ground of rescission. On the contrary, the plaintiff affirms the sale fully, and only seeks to recover damages consequent on the non-payment of the stipulated price. The alleged payment has proved to be inoperative by reason of the false and fraudulent representations of the defendant. This point was distinctly adjudicated and settled as the law of this commonwealth in *Martin* v. *Roberts*, 5 Cush. 126, a case very like in its facts to the one at bar.

Nor is it at all material that the worthless notes which were delivered to the plaintiff's intestate were not given up and surrendered to the defendant before or at the trial of the case. The omission to do so can have worked no possible harm to the defendant, and substantial justice would have been done if the plaintiff had placed them on the files of the court, to be delivered to the defendant at any time before final judgment should have been rendered in his favor. This can now be done, in the event that upon a new trial he shall establish the alleged false and fraudulent representations. *Exceptions sustained.*